**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 1:11-cv-2327-WJM-MEH

AVAYA, INC., a Delaware corporation,

       Plaintiff,
v.

UNITED PACIFIC (USA) CORP., a New York corporation,

       Defendant.

---

**ORDER GRANTING PLAINTIFF'S *EX PARTE*
APPLICATION FOR SEIZURE OF COUNTERFEIT GOODS,
TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE
RE: PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY**

<u>**FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116 (d)(8)
AND D.C.COLO.LCivR 7.2**</u>

---

This matter came on before the undersigned on Avaya, Inc.'s ("Avaya" or "Plaintiff") *Ex Parte* Application ("Application") for a Seizure Order, Temporary Restraining Order, Order to Show Cause Re: Preliminary Injunction, and Expedited Discovery against Defendant United Pacific (USA) Corp. ("Defendant" or "UP"). All appearances are as noted on the Court's record.

The Court has carefully and thoroughly reviewed the Application and all supporting papers, including the affidavits of Russell W. Binns, Adam George, Sheldon Morgan, Joseph Callahan, Christian Hendrickson, and Kent Christensen. Having considered the Plaintiff's Application, supporting papers, and the relevant facts:

**THE COURT FINDS AS FOLLOWS:**

    1.    Avaya is likely to succeed on the merits of its claim for trademark infringement under 15 U.S.C. §§ 1114 and 1125 because (a) Avaya is the owner of the famous Avaya marks, and (b) consumers are likely to be confused as to the source of

- 2 -

origin regarding the non-genuine Avaya telephones that Defendant has sold and is advertising as "new;"

2. Avaya is also likely to succeed on the merits of its Deceptive Trade Practices Act and Unjust Enrichment claims because Defendant's marketing and sales of Avaya counterfeit product are false and disparaging under C.R.S. § 6-1-105;

3. There is a high probability that Avaya will be irreparably injured if Defendant is not enjoined from continuing its infringing activities, because Avaya has established a likelihood of confusion, and has established significant goodwill that is associated with its famous marks;

4. The balance of hardships tips in Avaya's favor since Avaya will continue to suffer irreparable harm and Defendant will not suffer significant injury through entry of the requested relief, because Avaya is entitled to gather evidence regarding sales of counterfeit Avaya products and Defendant has no legal right to possess counterfeit goods;

5. The public interest favors Avaya's right to injunctive relief in this case, because the Lanham Act is designed to protect consumers from confusion over the source of the origin of the goods, and to protect an owner's intellectual property rights and there is no public interest in protecting counterfeit goods or favoring those who possess and sell them;

6. Avaya has provided notice to the United States Attorney's Offices in the judicial districts where the seizures will occur as well as the United States Attorney for the District of Colorado;

7. Avaya has not publicized the seizure requested;

8. Avaya has established that there is a good faith basis to believe that the Avaya products (defined herein to include the counterfeit or imitation Avaya products),

Records, Equipment, and Data that are the subject of Avaya's Application will be located at the Premises as that term is defined herein;

9. Avaya has established that, if provided notice of this proceeding, Defendant is likely to destroy, move, hide, or otherwise make the Avaya products (defined herein to include the counterfeit or imitation Avaya products), Records, Equipment, and Data inaccessible to the Court.

10. Avaya cannot protect its interest in its Mark absent entry of this Order.

**THE COURT FURTHER FINDS:** it is necessary to grant this Order without notice to Defendant and without hearing because of the immediacy and irreparability of the injury which Avaya will suffer and because Defendant is likely to dispose of evidence relating to its counterfeiting activities if it is given advance notice of Avaya's Application for this Order.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

**Temporary Restraining Order And Search And Seizure**

1. Defendant, and all its representatives, servants and agents, employees, officers, directors, partners, attorneys, and all other persons under their control or who are in active concert or participation with them, are hereby enjoined, restrained, and ordered, pending the hearing on the Order to Show Cause Re: Preliminary Injunction, to comply with the terms of this Order as follows: Defendant and all its representatives, employees, officers, servants and agents or those who are in active concert or participation with them, are prohibited from producing, reproducing, selling, distributing, exposing, offering for sale, exhibiting or aiding in any way the production, reproduction, sale distribution, exposure, offering for sale, or exhibition in any form, counterfeit or Imitation Avaya Product (as defined below), and from marketing, advertising, or promoting the same in any way.

2.      Defendant, and all its representatives, servants and agents, employees, officers, directors, partners, attorneys, and all other persons under its control or who are in active concert or participation with them, are hereby ordered to cooperate with Avaya's execution of the search of the Premises (identified below) and Imitation Avaya Product and other records in Defendant's possession bearing Avaya's name and information relating to the improper acquisition and sale of same.

3.      Defendant shall show cause at a hearing before this Court on **September 22, 2011 at 3:30 p.m.** in Courtroom A601 of the Alfred Arraj U.S. Courthouse in Denver, Colo. as to why a Preliminary Injunction should not be entered, pending final determination of this action, enjoining Defendant and all its representatives, employees, officers, servants, and agents or those who are in active concert or participation with them, from producing, reproducing, selling, distributing, exposing, offering for sale, exhibiting or aiding in any way the production, reproduction, sale distribution, exposure, offering for sale, or exhibition in any form, counterfeit or Imitation Avaya Product (as defined below), and from marketing, advertising, or promoting the same in any way.

**IT IS FURTHER ORDERED** that Defendant comply with the Temporary Restraining Order as follows:

**Commencement and Term**

4.      This Order shall become effective against Defendant upon signature by the Court and shall remain in effect for fourteen (14) days thereafter, unless otherwise stipulated to by the parties or ordered by the Court. As specified further below, the seizure of materials subject to this Order must take place within seven (7) days of the date of this Order.

**Explanation of Search and Seizure Authority**

5. Plaintiff's counsel shall ensure that the nature and effect of this Order is explained fairly and in everyday language to the persons served with this Order. In particular that:

(a) Defendant is ordered to allow the Investigation Teams[1] to search for and seize any Avaya Products (defined herein to include counterfeit or Imitation Avaya Products), Records, Equipment and Data, as described below, which shall include telephones and/or components, hardware, or evidence of same at (1) Masa Trucking Co.'s warehouse located at 231 West 135th Street, Los Angeles, California 90061 where the counterfeit goods are believed to be located ("California Property"), and (2) Defendant UP's principal place of business at One Cross Island Plaza, Suite 229B, Rosedale, NY 11422 where documentary evidence indicating its source for goods is believed to be located ("NY Property"), (collectively "the Premises"). Persons enforcing this Order may copy the Records and Data, photograph, videotape or otherwise record the Premises and the Inventory to carry out the purposes specified in this Order.

---

[1] There shall be two investigation teams as discussed below. "Investigation Team A" which will conduct the search of the premises located in California shall be comprised of the following persons: representatives of the U.S. Marshal's office (or other law enforcement officer(s)), Plaintiff's counsel (and staff); two experts retained by Avaya to access and copy information on Defendant's computers, computerized systems and devices; no more than four document duplication personnel to be retained by Avaya; no more than four persons to package and load the counterfeit product, and no more than two Avaya representatives to identify and distinguish between Avaya's genuine products and counterfeit products.

"Investigation Team B" which will conduct search of the premises at the New York location shall be comprised of the following persons: representatives of the U.S. Marshal's office (or other law enforcement officer(s)), Plaintiff's counsel (and staff); no more than four technical experts from Avaya or experts retained by Avaya to access and copy information on Defendant's computers, computerized systems and devices; no more than four document duplication personnel to be retained by Avaya; and no more than two Avaya representatives to identify and distinguish between Avaya's genuine products and counterfeit products if necessary.

(b) Defendant, and those employees and/or agents located at the Premises, are ordered to provide the Investigation Teams with their full and correct names and to cooperate with the persons enforcing this order in all matters related to its enforcement.

(c) Other than as provided in subsection (e) below, Defendant is prohibited from disclosing to, or discussing with any other person (including, without limitation, any supplier, customer, prospective supplier, prospective customer, partner, or affiliate, of Defendant, or any agent, employee or representative of any of them) the existence of these proceedings or the Orders herein.

(d) If Defendant refuses to comply with the terms of this Order, it may be found in contempt of Court, which can result in fines or imprisonment.

(e) Defendant may consult a lawyer before complying with this Order, provided that such advice is sought and obtained immediately, and that the time period in which Defendant may delay complying with this Order while consulting or attempting to consult with a lawyer, shall in no event extend for more than four (4) hours from the time of its receipt of this Order.

(f) The Unites States Marshal and/or other such police officers, law enforcement officers, and authorities in the locations where this Order is sought to be enforced, shall assist in keeping the peace and in the carrying out of its terms as may be required by the Investigation Teams;

(g) The United States Marshal accomplishing such seizure shall employ whatever reasonable force is necessary to open and enter the premises of the Defendant, and/or the location to be searched, regardless whether said premises and/or locations are locked or unlocked or occupied or unoccupied and to inspect the Premises as explained below. It is further ordered that Plaintiff's attorneys and persons under their supervision (*i.e.*, the Investigation Teams) shall accompany the United States

Marshal and/or his or her deputies at the seizure and shall identify, inventory and take possession of the goods that are seized as more fully detailed below. Anyone interfering with the execution of this order is subject to arrest by the law enforcement officials.

**Execution of Search and Seizure**

6.      For the purposes of determining whether Defendant possesses information relating to the creation, acquisition, reception, copying, marketing, sale or disposition of infringing products, Defendant or any person in charge of the Premises, shall allow the Investigation Teams to search for, inspect, analyze, copy, and seize (if counterfeit) the following:

>  (a)     Avaya Products (the "Avaya Products"):
>
>  - Imitation Avaya Products, namely: all physically tangible objects purporting to be manufactured by Avaya but not manufactured by Avaya, including, but not limited to telephones, telephone switches, varistor pads, circuit packs, PCB's, display brackets, telephone buttons, and/or other telephone components;
>  - Any other items, of any type or nature, displaying an Avaya trademark, including, but not limited to: documents, packaging material or tools, and/or software referencing or setting forth in any way the engineering services in the field of telecommunications such as installation, maintenance, repair services, distributorship services and operational services;

(b) Avaya-Related[2] Records ("Records"):

- Accounting records, namely: inventory records; purchasing records, disbursement records, accounts payable, sales records, records of receipt of funds, accounts receivable and general ledgers, product lists, supplier and customer invoices, receipt and delivery records, shipping records, invoices, proposals, tender documents, quotes, bids, bills of sale, manifestos, bills of lading;
- Letters, correspondence, e-mails and inventory;
- Computers and electronic storage media or devices ("Equipment");
- Interim and annual financial statements; banking records, namely bank statements, cancelled checks and deposit slips; credit card records, telephone bills and records, safety deposit boxes and keys for safety deposit boxes, long distance phone records, passbooks; and
- All information, materials, documents, records, statements, (whether inscribed on paper or stored in electronic form) and Equipment which may include information relating to the creation, acquisition, reception, sale, publication or disposition of infringing products.

(c) Avaya-Related Data stored on Equipment ("Data"):

---

[2] "Avaya-Related" means those items related to the manufacture, sale, or receipt of the Avaya Products, as that term is defined herein.

- All written, recorded, computerized, or electronically-stored information, however produced or reproduced, including without limitation: databases, e-mail messages, reports, computer printouts, facsimiles, forms, sound recordings, lists, memoranda, notes, handwritten materials, diagrams, drawings, sketches, graphs, charts, correspondence, telegrams, schedules, photographs, films, videotapes, agreements, contracts, meeting minutes, financial statements, or any other tangible thing or writing within the scope of the Federal Rules of Civil Procedure.  The term "Data" also includes drafts of any of the foregoing and copies of any of the foregoing to the extent that any copy differs from the original.

(d) Avaya Products, Avaya-Related Records, Equipment, and Avaya-Related Data are hereinafter referred to as "Inventory".

(e) Defendant shall preserve all Inventory in their possession in any office or other location that relate or refer to Avaya, Avaya products, or Avaya trademarks.

7. Any Inventory that is searched and inspected during the execution of this Order, and—upon analysis conducted as quickly as reasonably possible by the Investigation Teams—is found to not contain any Avaya-related information, such Inventory shall be returned to the Defendant forthwith and without any copies of any information contained therein being made or retained by Avaya.  In the case of Avaya-Related Inventory other than Avaya Products, the Investigation Teams shall return to Defendant all originals after having made and retained a copy of the information found therein.  Plaintiff is permitted to retain the Avaya Products.

8. Defendant, or any person in charge of the Premises, is to disclose to the Investigation Teams the location, other than at the Premises, of any and all Inventory as described and defined herein within their possession, power or control. Avaya may apply to the Court for an extension of this Order to any such locations. If Avaya-Related Records are indicated to be in storage at accountants' offices or financial institutions, said accountants' offices or financial institutions shall provide Plaintiff's counsel with a copy of the Avaya-Related Records, whether existing in paper or computerized form. Plaintiff shall forthwith return all such Avaya-related records to such offices or institutions after making and retaining a copy of same.

9. Upon execution, Plaintiff's counsel shall serve on the Defendant a copy of this Order. If the actions of Defendant make any service provided for in this Order not reasonably possible, leaving a copy of the documents to be served at the Premises and sending a copy of the Order to Defendant by registered or overnight mail shall be deemed to be proper service.

10. Pursuant to 15 U.S.C. § 1116(d)(9), the United States Marshal and/or any such other police officers, law enforcement officers, and authorities in those locations where this Order is sought to be enforced, shall serve a copy of the Order and carry out the seizure described herein.

**Access and Cooperation**

11. Defendant, or any persons in charge of the Premises, shall permit the respective Investigation Teams, to enter the Premises between 7 a.m. and 9 p.m., Monday to Friday for the purposes of serving and explaining this Order. In order to carry out the terms of this Order other than the service and the explanation of this Order, if need be (a) the number of persons in the Investigation Team can be increased and (b) the Investigation Team may re-enter the Premises that day or the following days, **up to three (3) successive days**. For good cause shown, the Court may extend

the time period upon application of Plaintiff. In the event that it is necessary for the Investigation Teams to re-enter the Premises, two people, whether members of the Investigation Teams or private investigators or security guards may be present during the absence of the Investigation Teams on the Premises to ensure that no evidence is destroyed.

12.   Defendant, or any persons in charge of the Premises, shall give access and make available to the Investigation Teams upon entry to the Premises, any Avaya Products, Records and Equipment on the Premises, including access to all electronically-stored media. If Defendant refuses to allow access to electronically-stored media, Defendant must provide passwords or other requisite computer entry information. Defendant must provide full cooperation so as to permit the Investigation Teams to copy the Avaya-Related Records and Data.

13.   Defendant, or any persons in charge of the Premises, shall open and make available to the Investigation Teams any vehicle, container, storage area, and safety deposit box within their possession, custody or control and open any locked doors of the Premises or safety deposit boxes in or behind which the Investigation Teams have reasonable grounds to believe there may be any Avaya Products, Records, Equipment or Data.

14.   Defendant, and any persons in charge of the Premises, shall not alter, remove, transfer, destroy or conceal any Avaya Products, Avaya-Related Records, Equipment, or Avaya-Related Data.

15.   If Defendant, or any persons in charge of the Premises, refuses to comply with the terms of this Order, they may be found in contempt of Court which can result in fines or imprisonment.

16.   Defendant, or any persons in charge of the Premises, shall immediately deliver up to the Investigation Teams, all Items, Equipment, and Data within their

possession, custody or control that may include information relating to the creation, acquisition, reception, possession, marketing, sale, shipment, transfer or disposition of Imitation Avaya Products.

**Non-Disclosure of Order**

17.    Every person on whom this Order is served, or who has notice of the service of this Order, is prohibited, until a hearing is held as stated herein, from:

(a)    Disclosing to, or discussing with any other person, the existence of these proceedings or the Orders herein; and/or

(b)    Otherwise informing or warning any other person that the Plaintiff might execute this Order, or a similar order, against him or her.

18.    Notwithstanding Paragraph 17 above, any person on whom this Order is served and any person having notice of it may, at any time, consult a lawyer for the purpose of obtaining legal advice with respect to these proceedings.

**Custody and Use of Information Seized**

19.    Plaintiff's counsel shall ensure that a paper or electronic list is made of all the paper items (indicating the number of pages in each item) and Avaya Products that are seized or delivered up and the Equipment copied pursuant to this Order (hereinafter the "List"), and shall serve a copy of that List on the Defendant.

20.    The United States Marshal for the Central District of California shall surrender the possession of the Defendant's property found at the California Property to Plaintiff's counsel Sherman & Howard or its designee (*i.e.* the substitute custodian for California Property).

21.    The United States Marshal for the Eastern District of New York shall surrender the possession of the Defendant's property found at the NY Property to Plaintiff's counsel Archer & Greiner, PC or its designee (*i.e.* the substitute custodian for NY Property).

22. Plaintiff shall defend the United States of America, the United States Marshal for the Central District of California and the Eastern District of New York, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless the United States of America, the United States Marshal for the Central District of California and the Eastern District of New York, their agents, servants, employees and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or arising out of said substitute custody.

23. As substitute custodian in California, Sherman & Howard shall ensure that any seized Inventory shall be delivered by counsel for Avaya and/or the U.S. Marshal (or other law enforcement officer) to a secure location at Extra Space Storage, 219 E. Alondra Blvd., Gardena, CA 90248, where the Seized Materials will remain, subject to access and removal as ordered by the Court.

24. The seized Inventory shall be utilized solely for the purpose of civil proceedings and in relation to the enforcement of the Plaintiff's rights or those of any legitimately interested third party with respect to Defendant's activities.

**Posting of Security Bond**

25. This Order is issued on the Plaintiff's surety bond with Travelers Casualty and Surety Company of America in the amount of $150,000 to abide by an Order concerning damages that the Court may make if it ultimately appears that the granting of the Order has caused damage to the Defendant for which the Plaintiff ought to compensate the Defendant. Such surety bond shall be filed with the Clerk of the U.S. Court for the District of Colorado **on or before September 13, 2011**.

**Protective Order**

26.     The Court further orders the following Protective Order under Federal Rule of Civil Procedure 26(c):

>     A.     This Protective Order shall require all persons to treat as confidential all Records, Equipment, and Data seized pursuant to this Order (hereinafter "Protected Material").
>
>     B.     For purposes of this Order the only persons who shall have access to the Protected Material during the seizure are the Investigation Teams.
>
>     C.     Following the Seizure, the only persons who may access the Protected Material are:
>
>>         i.     Outside litigation counsel for Avaya, including staff members;
>>
>>         ii.    One outside vendor in New York or New Jersey and one outside vendor in California to scan and digitally prepare such documents;
>>
>>         iii.   Any deponent, court reporter or attorney present at an expedited deposition conducted pursuant to paragraph 27 of this Order; and
>>
>>         iv.    Experts employed or retained by Avaya to inspect the counterfeit telephones.
>
>     D.     Persons identified in Paragraph 26(C)(ii),(iii), and (iv) must be shown a copy of this Order before accessing any Protected Material and are bound by the restrictions on the use of and access to Protected Material contained herein.
>
>     E.     Nothing in this Order shall prevent the use of Protected Material in expedited depositions conducted pursuant to paragraph 27 of this Order or in the hearing required by 15 U.S.C. § 1116(d)(10)(B).

F.  This Protective Order shall be in effect until further order of the Court.

**Limited Expedited Discovery**

27. The Court finds that good cause exists to grant Plaintiff's request for expedited discovery, which is limited to Avaya's right to conduct the deposition of Defendant and the person at Masa Trucking most knowledgeable about these matters within three (3) days of the execution of this Order (provided that Defendant is represented by counsel) and to serve written discovery requiring a response date within seven (7) days after personal service.

28. During this expedited phase of discovery, Avaya is only entitled to one deposition of Defendant and one deposition of Masa Trucking and one set of request for admissions and one set of interrogatories to Defendant; however, the total number of written discovery shall not exceed twenty requests or interrogatories in the aggregate. Nothing in this Order shall be construed to limit Avaya's ability to depose Defendant or Masa Trucking (or others) during the regular period of discovery should the need for additional discovery arise.

29. The discovery responses, deposition transcript, and all seized materials used in connection with the expedited discovery shall be subject to the terms of the Protective Order set forth above.

**Expiration of Order and Hearing**

30. The search and seizure authorized by this Order shall be concluded **on or before 11:59 p.m. Pacific Time on September 16, 2011**.

31. As set forth above, a hearing shall be held on **September 22, 2011 at 3:30 p.m.** in Courtroom A601 of the Alfred Arraj United States Courthouse in Denver Colorado. This hearing is at least ten days but no more than fifteen days from the date

- 16 -

of this Order, as required by 15 U.S.C. §1116 and Rule 65 of the Federal Rules of Civil Procedure. Defendant may request an earlier hearing for the purpose of having the Order as against them set aside or varied, or to determine whether the Plaintiff should be required to post additional security.

IT IS SO ORDERED.

Dated this 9th day of September, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge