**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
William J. Martínez**

Civil Action No. 11-CV-2327-WJM-MEH

AVAYA, INC., a Delaware corporation,

        Plaintiff,

v.

UNITED PACIFIC (USA) CORP., a New York corporation,

        Defendant.

**ORDER APPROVING VACATING OCTOBER 31, 2011 SHOW CAUSE
HEARING, ENTERING STIPULATED SUPERSEDING PRELIMINARY
INJUNCTION, AND UNSEALING CASE**

This matter is before the Court on the "Stipulation Regarding Seizure Order and Motion to Vacate October 31, 2011 Show Cause Hearing" [ECF No. 33], the "Stipulated Response to September 22, 2011 Show Cause Order Regarding Sealing of Case" [ECF No. 28], and the "Stipulated Preliminary Injunction" [Document No. 20] (collectively the "Stipulations"), filed by Plaintiff Avaya, Inc. ("Avaya") and Defendant United Pacific (USA) Corp. ("UP"). The Court, having reviewed the Stipulations and the file, and being fully advised in these matters, HEREBY APPROVES the Stipulations, and further Finds and Orders as follows:

**A.     Order Vacating October 31, 2011 Show Cause Hearing**

1.     On September 9, 2011, the Court entered its "Order Granting Plaintiffs' *Ex Parte* Application for Seizure of Counterfeit Goods, Temporary Restraining Order, Order to Show Cause Re: Preliminary Injunction, and Expedited Discovery" (the "Seizure Order").  (ECF No. 16.)  As part of the Seizure Order, the Court set a Show Cause Hearing, which was ultimately reset to October 31, 2011.  (ECF No. 25.)

2.     Per the Stipulation re Motion to Vacate [ECF No. 33], both Avaya and UP have expressly waived their right to a Show Cause Hearing under the Lanham Act, as provided under 15 U.S.C. § 1116 (d)(10)(A).  As such, the parties requested that the October 31, 2011 hearing be vacated to avoid the needless expenditure of fees and costs.  (ECF No. 33.)  Such request is GRANTED and the October 31, 2011 Show Cause Hearing is hereby VACATED.

3.     The Court notes that, while UP has agreed to the relief requested herein, the parties have expressly acknowledged that UP has agreed to this relief under a reservation of rights.  The parties further agreed that UP has not waived its right to later challenge the factual background or legal arguments underlying Avaya's application for the Seizure Order or the findings made therein, and UP shall not be deemed to have admitted that any claims asserted against it in this action have merit.  UP has specifically denied all liability in this matter.

4.     The parties further requested that the Seizure Order remain in effect (thus allowing Avaya to continue to retain the documents and data it copied and the products and equipment it seized and received in connection with the

execution of the Seizure Order), but also requested that the Seizure Order be modified as follows. Accordingly, and per the terms of the parties' Stipulation, the Court's September 9, 2011 Seizure Order [ECF No. 16] is HEREBY AMENDED as follows:

    a.    As the seizures originally authorized have been completed and the targeted alleged counterfeit products have been recovered and are being securely stored by agents of Avaya, no further seizures shall be allowed without further order of the Court;

    b.    Avaya has reached negotiated agreements with UP and Masa Trucking regarding reasonable timing and processes for Avaya's searching, translation, and retention or return of the documents and data Avaya obtained from the seizures. Both parties have acknowledged that, given the volume of documents and the fact that a number were in at least one foreign language, additional time is needed to review the seized documents. Accordingly, the Court hereby allows and recognizes the validity of the negotiated agreements that are being finalized amongst the parties, even to the extent they differ from the original requirements of the Seizure Order.

    c.    Either party may move to amend the amount of the security bond currently in place in connection with the Seizure Order.

    d. The Protective Order entered as part of the Seizure Order is hereby amended to allow two specific in-house counsel for Avaya, Russell Binns and Koldo Loidi, and lawyers and staff from an additional law firm assisting Avaya in connection with this matter, King & Wood, to have access to the Protected Material as that term is defined in the Seizure Order.

    e. Because UP will soon be answering the Complaint and this case is now moving forward under the standard processes established by the Federal Rules of Civil Procedure and the forthcoming scheduling order to be established at the November 22, 2011 scheduling conference, no further expedited discovery may be taken in connection with the Seizure Order without further leave of Court.

    f. Because, as discussed below, the case will be unsealed, the Court VACATES Paragraph 17 on page 12 of the Seizure Order, which had precluded the parties from publicly discussing this case until the now-vacated Show Cause Hearing.

**B. Order Entering Stipulated Superseding Preliminary Injunction[1]**

 1. Per the terms of the parties' stipulation on this matter, it is HEREBY ORDERED that, pending final determination in this action, Defendant United

---

[1] On September 27, 2011, the Court entered a Stipulated Injunction which is substantially similar to that set forth herein. (ECF No. 27.) However, the parties have represented to the Court that portions of the earlier Injunction have been mooted by further developments in the case. Therefore, the instant Stipulated Superseding Preliminary Injunction replaces the September 27, 2011 Stipulated Preliminary Injunction and shall be in effect until further order of the Court.

Pacific (USA) Corp. and its representatives, servants and agents, employees, officers, directors, partners, attorneys, and all other persons under their control or who are in active concert or participation with them, ARE HEREBY RESTRAINED AND ENJOINED FROM:

(a) advertising, selling, offering for sale, marketing, distributing, selling, exposing, shipping, mailing, listing, taking orders for, promoting, buying, ordering, exhibiting, destroying, or in any manner disposing of products or aiding in any way the advertising, selling, offering for sale, marketing, distributing, selling, exposing, shipping, mailing, listing, taking orders for, promoting, buying, ordering, exhibiting, destroying, or in any manner disposing of counterfeit Avaya product or Imitation Avaya Product,[2] and from marketing, advertising, or promoting the sale of counterfeit Avaya product or Imitation Avaya Product in any way;

(b) producing, manufacturing, reproducing, or aiding in any way the producing, manufacturing, assembling, or reproducing of any counterfeit Avaya product or Imitation Avaya Product; and

(c) destroying, removing, overwriting, transferring possession of, deleting, selling, hiding, secreting, or otherwise disposing of any evidence (tangible, documentary, or otherwise), including counterfeit Avaya product or Imitation Avaya Product, related to Avaya, its name or the claims and facts involved in this action.

---

[2] Imitation Avaya Product includes all physically tangible objects purporting to be but not actually manufactured, distributed or used by Avaya, including, but not limited to telephones, telephone switches, varistor pads, circuit packs, PCB's display brackets, telephone buttons, and/or other telephone or telecommunications systems or components or product bearing the Avaya name and/or mark.

5

    2.    IT IS FURTHER ORDERED THAT Plaintiff's initial security bond posted in the amount of $150,000.00 shall constitute the security required by Fed. R. Civ. P. 65(c) unless otherwise ordered by the Court upon proper motion of either party.

**C.    Order Unsealing Case**

    1.    The parties have stipulated to and do not dispute the unsealing of all prior filings in this action, with two narrow exceptions.  Avaya's previously-filed Complaint, filed September 2, 2011 [ECF No. 1], and Avaya's *Ex Parte* Application for an Order for Seizure of Counterfeit Goods, Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, and Order Allowing Expedited Discovery (and its exhibits), filed September 2, 2011 [ECF No. 3], contain certain private, confidential, and proprietary information regarding distinctions between genuine Avaya Model 18D telephones and the counterfeit Model 18D telephones at issue in this case.  Information concerning these distinctions would assist would-be counterfeiters in determining certain things Avaya looks for to detect counterfeit units and would allow them to design counterfeit products in a manner to avoid detection.

    2.    The Court agrees that the private and confidential business interests involved outweigh the qualified presumption of public access to court files and proceedings, such information is worthy of being sealed, and the information otherwise meets the requirements of D.C.COLO.LCivR 7.2.  The Court finds that serious injury would result to Avaya if the information were publicly available, and, through the filing of substitute redacted documents, as

discussed below, the parties have facilitated the least restrictive available alternative under the circumstances. Accordingly, the Court finds that the Complaint [ECF No. 1] and *Ex Parte* Application [ECF No. 3] should remain sealed throughout the pendency of this action. All other documents shall be unsealed.

3. Exhibits 1 and 2 to the parties' Stipulated Response to the Show Cause Order are redacted versions of the Complaint and Application (and its exhibits) that exclude the confidential information identified above. The Clerk shall file these Exhibits as the publically available Complaint [ECF No. 28-1] and *Ex Parte* Application for Seizure [ECF No. 28-2].

4. Going forward, if any party wishes to seal any future filing or document, it must comply with D.C.COLO.LCivR 7.2.

DATED this 28th day of October, 2011.

_____
William J. Martínez
United States District Judge